## CONTRACTS.

[Lucas Circuit Court, October 21, 1898.]

### KILBOURNE & JACOBS MFG. CO. v. NATHANIEL P. GLAN ET AL.

SCRAPERS ARE MATERIALS USED IN THE CONSTRUCTION OF A WORK.

When an agreement is made to fill a sewer front, and a bond given that the contractor shall pay for all labor and " materials," in the prosecution of the work, scrapers purchased for use in the performance of the contract, are not materials with the meaning of the bond, as they are not such as go into the construction of the work.

ERROR to the Lucas Common Pleas.

HAYNES, J.

This action was brought in the court of common pleas, by the Kilbourne & Jacobs Manufacturing Co., against Nathaniel P. Glann as principal, and H. P. Glann and William G. Gardinier, as sureties, upon a bond that had been entered into by Nathaniel P. Glann with one H. L. Roberts, First Lieutenant of the Nineteenth Infantry, acting assistant quatermaster of the United States. The original agreement was that Nathaniel P. Glann was to fill the river front at Fort Wayne, Mich., to furnish and lay drain tile and furnish and put in earth from outside of the reservation, all in accordance with the plans and profiles on file in the office of the constructing quartermaster. The United States required that there should be a bond given, and in pursuance of that a bond was given, as I have stated. So far as this case is concerned, that portion of the bond that is material is this : " That the said Glann shall make full payments to all persons supplying him labor or materials in the prosecution of the work provided for in said contract." The plaintiff says further—

" That on the third day of September, 1896, it sold and delivered to said defendant Nathaniel P. Glann 24 square bowl wheel scrapers at the price of $35 each, and for the total sum of $840. That said scrapers were purchased by said defendant for the express purpose of being used, and were used, in the performance and prosecution of the work agreed to be done by him under the contract with the United States aforesaid. The plaintiff says that the said defendant has not paid the purchase price of said scrapers, nor any part thereof, although frequently requested by the plaintiff to do so."

Therefore he brings this suit and asks judgment for $840.

A demurrer was interposed to the petition, by the defendants, and that demurrer was sustained, and the plaintiff not desiring to plead further, judgment was entered upon the demurrer in favor of the sureties in the case.

The question argued here, and the real question in the case is, whether or not these scrapers come within the designation of materials that were furnished in the prosecution of the work. No authorities are cited by counsel for plaintiff in error supporting his position that they are materials, although he says that he has been informed that there are certain decisions of courts of the United States that would sustain that position, but he has been unable to find those cases. In the brief that he has filed the cases cited largely go to support the position that plaintiff had the right to bring this suit upon this bond directly, upon which

there is no question made here. Then he cites a case in 14 Pac. Rep., 466—Parkinson v. Alexander—wherein the Supreme Court of Kansas say :

"Under the statute, laborers and material men furnishing work or materials in the construction of a railroad, are so protected that they may recover against the obligors on the bond, where a bond is given by the contractor in pursuance of the statute, or against the railroad company where no bond is given, for everything furnished by them which goes into the construction of the railroad, whether such laborers and material-men are employed by the contractor or by a subcontractor ; but persons furnishing only provisions or goods which do not go into the construction of the railroad, are not so protected unless such goods or provisions are furnished to the contractor himself."

That seemed to throw a little confusion into the case, but we have now the case itself. It is found reported in 37 Ks. page 110. Turning to the statute of that state, it provides that—

"Whenever any railroad company shall contract with any person for the construction of its road or any part thereof, such railroad company shall take from the person with whom such contract is made a good and sufficient bond, conditioned that such person shall pay all laborers, mechanics, and material-men, and persons who supply such contractor with provisions or goods of any kind, all just debts due to such persons, or to any person to whom any part of such work is given, incurred in carrying on such work, etc."

The action was brought by men who had furnished goods to the subcontractor, or to the men employed by the subcontractor, to be applied on the amount that was coming to these men for their work, the sub-subcontractor charging up these goods as so much money paid to workmen. The court held in that case, that those goods so furnished did not come within the statute, nor were they materials furnished for the construction of the railroad. To that extent the case is against the position taken by the plaintiff. In the case at bar we are clearly of the opinion that the word "materials" does not cover the scrapers in question any more than it would cover the mules or horses that drew them, or any other tools or implements that were used in making the excavation or filling that was there made. They are not materials which went into the construction of the work, or that were used in the prosecution of the work. For this reason we sustain the judgment of the court of common pleas, and the judgment will therefore be affirmed at the costs of plaintiff in error.

*E. W. Tolerton*, for plaintiff in error.

*R. R. Kinkade*, for defendant in error.